Filing # 42202473 E-Filed 06/01/2016 03:50:11 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

| | | |
|---|---|---|
| JOHN CURKOVIC, | ) | CIVIL NO.: |
| | ) | |
| | ) | COMPLAINT AND DEMAND |
| Plaintiff | ) | FOR JURY TRIAL, EXHIBITS |
| | ) | __; SUMMONS IN A CIVIL |
| | ) | CASE |
| | ) | |
| vs. | ) | |
| | ) | |
| PEPSICO and BROOKS TURTON | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

## COMPLAINT AND DEMAND FOR JURY DEMAND

Plaintiff, JOHN CURKOVIC, by and through his undersigned counsel, hereby complains against PEPSICO [hereinafter PEPSI].

### STATEMENT OF THE CLAIM

1. This is an action seeking damages in excess of $15,000 and to vindicate violations of the Plaintiff's rights and redress the unlawful conduct of the Defendant. This action arises out of the illegal treatment that the Defendant subjected the Plaintiff to. Curkovic alleges *inter alia*, that the Defendant discriminated against him because of his sex when he was subjected to unwanted harassment. These acts were done in violation of Chapter 760 of the Florida Statutes.

### PARTIES

2. Plaintiff, John Curkovic, was at all material times, a resident of the United States, of the State of Florida, and of Orange County, Florida.

1

3. Defendant, Pepsi, is an entity whose principal office and place of business is in Orange County, Florida. Also, Pepsi regularly conducts business in Orange County, Florida. Defendant, Brooks Turton, worked as a Manager for the Defendant, Pepsi at all relevant times that relates to this lawsuit.

## JURISDICTION AND VENUE

4. This is an action for money damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interests and attorneys' fees, brought pursuant to Chapter 760 of the Florida Statutes.

5. This action is authorized and instituted pursuant to Chapter 760 of the Florida Statutes and the common law of the State of Florida. The jurisdiction of the court is predicated upon Article V of the Florida Constitution.

6. Venue is proper in Orange County, Florida pursuant to Chapter 47.011 of the Florida Statutes. The Defendant Pepsi conducts its business in Orange County, Florida. Also the causes of action arose in Orange County, Florida.

7. All conditions precedent to the bringing of this action have occurred or have been performed. The Plaintiff timely duly filed a charge of discrimination with the EEOC and the Florida Commission on Human Relations on or about October 20, 2015. The Florida Commission on Human Relations failed to complete its investigation within 180 days. Pursuant to F.S.A. §760.11(8) the Plaintiff now files suit.

## FACTUAL ALLEGATIONS

8. Curkovic works for the Defendant as a Product Availability Supervisor (PAS). He began working for the Defendant in its FLNA Mid-America Region and has been employed with the Defendant for over fifteen years.

2

9. During his employment with the Defendant, Curkovic had experienced sexual harassment from Brooks Turton. Turton was a Product Availability Manager (PAM). Although Turton was not Curkovic's direct report, when no other managers were present, he made managerial decisions.

10. On or about June 15, 2015, Turton made an overt sexual gesture toward Curkovic while Curkovic attempted to carry out his job responsibilities. This gesture was unwelcomed, and Curkovic found it to be very inappropriate and offensive.

11. Less than a week after making an obscene gesture toward Curkovic, Turton again sexually harassed Curkovic. On or about June 22, 2015 Turton began staring at the Plaintiff. Once it was obvious that he was staring, Turton responded, "Hey good looking." The incident disturbed Curkovic.

12. On or about July 12, 2015 Turton committed a third sexually harassing act toward Curkovic. Curkovic hoped that the issue would resolve itself, and that Turton would cease his harassment. However, after the third event, he realized that would not happen. As a result, Curkovic contacted Human Resources (HR) to report the matter and notified his then direct report Marcus Williams.

13. On or about July 30, 2015, Curkovic brought the matter to the local HR specialists, Tracie Rue and Katie Baird. He met with both HR specialists and Dave Critchfield, Plant Manager, to discuss Turton's behavior. During this meeting, Curkovic recounted the three instances and clearly stated that Turton's behavior was unwelcomed. Curkovic requested their assistance and they assured him that the matter would be handled and Turton will be told NOT to touch any employee inappropriately the next day.

3

14. The Defendant has a Zero Tolerance Policy regarding sexual harassment. Per the Zero Tolerance Policy, under sexual harassment, harassers are to be immediately dismissed from employment which did not occur with Turton. Following Curkovic's meetings with HR and management, he was not contacted further with any updates on the resolution of the matter.

15. On or about August 12, 2015, Turton committed a fourth act of harassment. While Curkovic stood with his chest against a filing cabinet reviewing his business emails, he felt someone approach him from behind and began to rub his left shoulder. When he turned around he was horrified to find that it was Turton. Turton had his hand on Curkovic's body and was massaging his shoulder in a sexually suggestive manner. Curkovic did not give Turton permission to touch him. John Reed, a second shift supervisor (PAS), witnessed this event.

16. The same day, Curkovic complained again to HR about Turton's harassment by first calling Traci Rue (HR), then sending an email to Tracie Rue (HR) as she requested. In the email, he updated Rue about the fourth occurrence.

17. Additionally, Curkovic complained to the Corporate Headquarters HR Department to report the multiple instances of harassment. The Corporate HR representative informed Curkovic that he would reach out to David Merrimen, Katie Baird's direct report.

18. On or about August 20, 2015, Curkovic met with David Critchfield and Katie Baird to discuss the fourth act. Curkovic provided additional information about the instance to Katie Baird and Dave Critchfield.. During this meeting, Critchfield and Baird told Curkovic that management would confront Turton about the allegations. Baird and

Critchfield also stated that Curkovic's name would be attached to the allegations when they approached Turton. This made Curkovic very uncomfortable and extremely fearful of retaliation.

19. At some point following the August 20th meeting, Curkovic was informed that management had "handled" the situation with Turton. However, no perceived action was taken against Turton. He was not terminated according to harassment under the Zero Tolerance Policy. Baird and Critchfield informed Curkovic that, "Due to reasons [they] cannot tell [him], Brooks Turton would not be terminated." Curkovic was forced to continue to interact with Turton in the course of performing his daily duties until Turton voluntarily resigned in December 2015.

20. Following his complaints of harassment, management has targeted Curkovic for higher scrutiny. He received his year-end evaluation of 2015 in March of 2016 which was drastically worse from the prior year's review with Marcus Williams for 2014. In the review for 2015, Curkovic's current direct report, Rick Walker, went over the evaluation with Curkovic. In the evaluation, the comments made by Brad Losego, the SR OPS Manager for the plant, did not correspond to the comments made by Marcus Williams. In addition, Curkovic received a written coaching in April 2016 for conduct that is pervasive among other supervisors who were not written up by his current direct report Rick Walker (PAM).

21. Curkovic has experienced great emotional distress stemming from the harassment of Turton and the Defendant's unwillingness to address the situation. He suffers from depression and sleep deprivation, which requires Curkovic to take his medication

when needed. In addition, Curkovic has been seeing a psychotherapist on a regular basis due to the harassment at work he endured.

## COUNT I: HOSTILE WORK ENVIRONMENT
## ON ACCOUNT OF SEX (As to Defendant PEPSI CO)

22. Plaintiff realleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 21, above.

23. Curkovic is a member of a protected class. He is male.

24. Curkovic has experienced sexual harassment from Brooks Turton, a manager for the Defendant PepsiCo. This includes Turton making sexually inappropriate and offensive gestures and comments, as well as touching Curkovic in a sexual manner.

25. Turton's behavior was inappropriate and unwelcomed. Curkovic did nothing to invite or to suggest to Turton that his behavior was acceptable. In fact, he did everything he could to express quite the contrary. He reported the instances to both the local and Corporate HR departments. He also met with HR twice to discuss the matter. Although HR stated that they "handled" the matter, no perceivable action was taken. According to Defendant PepsiCo's Zero Tolerance Policy, Turton should have been terminated, but he remained employed.

26. The harassment is pervasive and severe enough that it interferes with Curkovic's ability to perform his job duties. To avoid interaction with Turton, Curkovic had requested time off from work. The harassment also impacts his personal life. He has experienced high levels of stress and depression due to his working conditions.

27. Despite being made aware of the harassment, Defendant PepsiCo has not addressed the situation and the harassment continued. Therefore, there is a lawful basis for holding Defendant Pepsi liable for Turton's actions.

28. WHEREFORE, JOHN CURKOVIC, the Plaintiff, demand judgment against Defendants PEPSICO., in this cause of action for compensatory and punitive damages in a sum to be determined at the trial of this matter, costs, attorneys' fees and for such other relief as the Court may deem just and proper.

## COUNT II RETALIATION (as to Defendant PepsiCo)

29. Plaintiff realleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 21, above.

30. Curkovic engaged in protected activity when he complained to both local and Corporate HR about what he perceived to be unwanted sexual harassment. He filed complaints to Management and Human Resources on July 30, 2015 and August 13, 2015 about Brooks Turton's sexually inappropriate behavior.

31. Curkovic had a good faith basis for believing that he was discriminated against. To wit, Turton's sexually suggestive gestures, his comments like "hey good looking" and when he massaged Curkovic's shoulder in a sexual manner are all both objectively and subjectively offensive and harassing.

32. Curkovic suffered an adverse employment action when he received less pay in his year-end review and when he was given a written coaching for conduct other employees were not written up for.

33. There is a causal nexus between Curkovic's complaint and the adverse employment action. There is temporal proximity between the last time he discussed the matter on September 3, 2015 and the adverse employment actions.

34. WHEREFORE, JOHN CURKOVIC, the Plaintiff, demand judgment against Defendants PEPSICO., in this cause of action for compensatory and punitive damages in a sum to be determined at the trial of this matter, costs, attorneys' fees and for such other relief as the Court may deem just and proper.

### COUNT III BATTERY (as to Defendant Turton)

35. Plaintiff realleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 21, above.

36. Curkovic suffered unwanted touching by Defendant Turton when he made overt sexual gestures in addition to touching Curkovic's shoulder and began to massage it in a sexual manner.

37. Curkovic suffered damages as a result of the Defendant Turton battering him. He suffers from great emotional distress, which requires medical attention.

38. WHEREFORE, JOHN CURKOVIC, the Plaintiff, demand judgment against Defendants BROOKS TURTON, in this cause of action for compensatory and punitive damages in a sum to be determined at the trial of this matter, costs, attorneys' fees and for such other relief as the Court may deem just and proper.

### DAMAGES

WHEREFORE, the Plaintiff, John Curkovic, demand judgment and damages against Defendant Pepsi Co. and Brooks Turton as follows:

A. A declaratory judgment that the Defendant PepsiCo has violated Mr. Curkovic's right to be free from discrimination in the workplace pursuant to the requirements of Chapter 760 of the Florida Statutes.

B. Enter an injunction ordering Defendant PepsiCo to make Plaintiff whole in all respects prior to the unlawful discriminatory acts.

C. An award of Compensatory damages in an amount to be shown at trial for past and future economic loss, extreme emotional distress and impairment of quality of life.

D. An award to Mr. Curkovic's of reasonable attorneys' fees and cost.

E. All other relief that is provided for by law and which the court deems appropriate.

Respectfully submitted this 1st day of June 2016.

*/s/ Jerry Girley*
Jerry Girley, Esquire
The Girley Law Firm, PA
Florida Bar No. 0035771
125 E. Marks Street
Orlando, Florida 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com